Graves v Brookdale Univ. Hosp. & Med. Ctr. (2021 NY Slip Op 06542)





Graves v Brookdale Univ. Hosp. & Med. Ctr.


2021 NY Slip Op 06542


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 306857/08 Appeal No. 14690 Case No. 2020-04021 

[*1]Cassandra Graves etc., Plaintiff-Appellant,
v
Brookdale University Hospital and Medical Center, Defendant, Mohammad Rashid Chaudhry, MD, Defendant-Respondent.


Lennox S. Hinds, New York, for appellant.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about March 3, 2020, which granted defendant Mohammad Rashid Chaudhry, M.D.'s motion for summary judgment dismissing the complaint as against him based on the statute of limitations, unanimously affirmed, without costs.
Defendant met his burden of showing that the 2016 action was commenced seven years after the applicable statute of limitations, thus establishing his prima facie right to summary judgment. In response, plaintiff failed to raise an issue of fact as to whether the statute of limitations was inapplicable as to Dr. Chaudhry (see generally Wilson v Southampton Urgent Med. Care, P.C., 112 AD3d 499, 499 [1st Dept 2013]). Although plaintiff attempted to invoke the relation-back doctrine, he did not show that Dr. Chaudhry knew or should have known that plaintiff intended to sue him but for plaintiff's mistake as to the identity of the proper parties (see Buran v Coupal, 87 NY2d 173, 178-181 [1995]; Graves v Brookdale Univ. Hosp. & Med. Ctr., 177 AD3d 553, 553 [1st Dept 2019]; cf. Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d 522 [2d Dept 2019]). In view of this holding, we need not reach the question of whether defendant hospital and Dr. Chaudhry were so united in interest that Dr. Chaudhry could be charged with notice of the first action that plaintiff commenced against the hospital (cf. Garcia v New York-Presbyt. Hosp., 114 AD3d 615, 616 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021